OPINION
Appellant Daniel Wright appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, granting a divorce between appellant and Appellee Josephine Wright. The relevant facts leading to this appeal are as follows.
Appellant and appellee, both presently retired, were married on July 18, 1977. On October 18, 1999, appellee filed a complaint for divorce. The matter was set for trial before a magistrate on July 6, 2000. A second day of evidence was completed on October 12, 2000. Following the magistrate's recommendation of divorce filed December 15, 2000, appellant filed objections, pursuant to Civ.R. 53, on December 27, 2000. Although appellant's objections appear timely, the trial court had already issued a judgment entry on December 21, 2000, granting the divorce. The trial court had not addressed the objections as of January 22, 2001; at that point appellant filed his notice of appeal. Appellant thus herein raises the following four assignments of error:
 I. THE COURT ERRED IN GRANTING THE PLAINTIFF SPOUSAL (SIC) AND/OR GRANTING THE PLAINTIFF THE AMOUNT OF $450.00 PER MONTH AS AND FOR SPOUSAL SUPPORT.
 II. THE COURT ERRED IN NOT ORDERING A DE FACTO TERMINATION OF THE MARRIAGE BACK TO THE YEAR 1986.
 III. THE COURT FAILED TO AWARD TO THE DEFENDANT AS SEPARATE PROPERTY THE MONEY RECEIVED FROM THE SALE OF THE DEFENDANT'S PROPERTY ON CLYDE AVENUE AND THEN MONEY RECEIVED FROM THE DEFENDANT'S MOTORCYCLE ACCIDENT.
 IV. THE MANNER OF DIVISION OF THE PROPERTY IN THIS CASE IS UNJUST AND INEQUITABLE CONSIDERING THE LIKELY NET GAIN FROM AN AUCTION OF THE DEFENDANT'S PROPERTY.
 I, II, III, IV
As an initial matter, we address the appealability of the December 21, 2000 judgment entry under appeal. As noted above, appellant filed an objection to the decision of the magistrate on December 27, 2000. Appellant also obtained a date for hearing his objection, February 12, 2001 at 9 AM. Pursuant to Civ.R. 53(E)(4)(c), the timely filing of objections to a magistrate's decision operates as an automatic stay of execution of the trial court's judgment adopting the magistrate's decision until the trial court disposes of the objections and either vacates, modifies, or adheres to the judgment previously entered.
Our review of the record reveals that the trial judge additionally issued a handwritten judgment entry on February 26, 2001, in which he found the court's entry of divorce of December 21, 2000 "should be corrected."[1] There is no indication that the objection hearing of February 12, 2001 was utilized in reaching this decision, or that said hearing even went forward. Nonetheless, the court altered its entry of divorce as follows: (1) jurisdiction was retained over the issue of spousal support, (2) spousal support was reduced to $350 from $450, and (3) appellant was given more time to pay to appellee an ordered sum for property division. The entry of February 26, 2001, makes no reference to appellant's Civ.R. 53 objection; furthermore, a box on the pre-printed judgment entry form labeled "Objection: Sustained Overruled" is left blank.
In Dorton v. Dorton (May 22, 2000), Delaware App. No. 99CAF11061, unreported, we held that because of the mandatory language used in Civ.R. 53(E)(4) and due to the chronology of the rule's requirements, a trial court is required to specifically rule on objections to a magistrate's decision before adopting, rejecting, or modifying said decision. As we are unable to ascertain from the record whether the trial court has yet properly ruled on appellant's objection to the magistrate's decision pursuant to Civ.R. 53(E)(4)(b), we do not find the existence of a final appealable order in this matter. Cf. Dukat v.Dukat (July 1, 1996), Stark App. No. 1996CA00065, unreported.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is dismissed. We hereby remand this matter to the trial court to rule on appellant's objections.
Pursuant to App.R. 23(A)(1), costs are assessed to appellant.
Hon. Julie A. Edwards, P. J. Hon. John W. Wise, J. and Hon. John F. Boggins, J. concur.
[1] Appellee herein, Josephine Wright, has in turn separately appealed the February 26, 2001 decision.